UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Kyle Briggs | * | CIVIL ACTION NO. 21-350 |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| VERSUS | * | HON. DISTRICT JUDGE |
| | * | |
| Hairpin Trucking, LLC; | * | |
| Kerry Olague; Tracy Elledge; | * | |
| and Robbie Walters | * | HON. MAGISTRATE JUDGE |
| | * | |
| **Defendants** | * | |

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through the undersigned counsel, comes KYLE BRIGGS and files this, his Original Complaint.  In support thereof, he would respectfully show the Court as follows:

I.

PARTIES

1.    Plaintiff KYLE BRIGGS, an individual, is a citizen of Louisiana and a domiciliary of Keithville, Caddo Parish, Louisiana.

2.    Defendant HAIRPIN TRUCKING, LLC is a multi-member limited liability company, duly formed and existing under the laws of the State of Texas, having its principal place of business at 1086 Shady Lane, Hallsville, Texas 75650-2262 in Harrison County, Texas. Upon information and belief, the members of HAIRPIN TRUCKING, LLC, are Mike Shaffer, Norman Shaffer, and Tracy Elledge, all of whom are citizens and domiciliaries of Texas. It may be served through its registered agent for service of process, Norman Shaffer at 1086 Shady Lane, Hallsville, TX 75650-2262.

3.   Defendant KERRY OLAGUE, an individual, is a citizen of Texas and a domiciliary of Hidalgo County, Texas and may be served with process at: 2704 Laredo St., Edinburg, TX 78542-6685.

4.   Defendant TRACY ELLEDGE, an individual, is a citizen of Texas and a domiciliary of Smith County, Texas and may be served with process at: 2194 Rana Park, Flint, TX 75762-8840.

5.   Defendant ROBBIE WALTERS, an individual, is a citizen of Texas and a domiciliary of Gregg County, Texas and may be served with process at: 657 Ashcraft Lane, Longview, TX 75604.

II.

JURISDICTION AND VENUE

6.   Jurisdiction is proper in this Court because Plaintiff is a citizen of the state of Louisiana and Defendants are citizens of the state of Texas.  The matter in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. § 1332.

7.   Venue is proper in the Eastern District of Texas under the provisions of 28 U.S.C. § 1391 (b) (1), because at all times relevant hereto, the Defendants are residents of the State of Texas and the members of Defendant HAIRPIN TRUCKING, LLC and the Defendants TRACY ELLEDGE, and ROBBIE WALTERS were residents of the Eastern District of Texas.

8.   Venue is proper in the Eastern District of Texas under the provisions of 28 U.S.C. § 1391 (b) (2), because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

9.   Because venue is proper in the Eastern District of Texas, this suit is properly maintainable in any division of the Eastern District of Texas.  *Singleton v. Volkswagen of America, Inc.*, 2006 WL 2634768 (E.D. Tex. Sept. 12, 2006).

III.

FACTUAL BACKGROUND

10.   Hairpin Trucking, LLC ("Hairpin") is a motor carrier that hauls sand used in hydraulic fracturing under Department of Transportation #3105922.

11.   Between January 16, 2019 and January 16, 2021, inspections by the Federal Motor Carrier Safety Administration and its state partners declared Hairpin's drivers out of service for driver fitness violations 19.1% of the time, nearly four times higher than the national average.

12.   Between January 16, 2019 and January 16, 2021, inspections by the Federal Motor Carrier Safety Administration and its state partners declared Hairpin's commercial vehicles out of service due to maintenance violations 43.1% of the time.

13.   Upon information and belief, Hairpin actively discouraged its drivers from receiving the adequate sleep necessary to safety operate their trucks.

14.   Upon information and belief, Hairpin's drivers have publicly identified themselves as being on "team no sleep" and mocked drivers who obtained adequate sleep as "pretenders," "trolls," and "day walkers."

15.   Less than a month before this crash, Tracy Elledge, one of Hairpin's managing partners, stated in the comments of a Facebook post that sought drivers for Hairpin, "Don't act like y'all don't like seeing them go to sleep, that's when you go getters thrive!"

16.     On September 4, 2020, a third-party inspector declared a Hairpin driver and vehicle out of service, because there were "steering system components worn, welded, or missing" in violation of 49 C.F.R. § 393.209 and noncompliance with hours-of-service requirements, specifically a "record of duty status violation" of 49 C.F.R. § 395.8.

17.     On September 5, 2020, a third-party inspector declared a Hairpin driver out of service for operating a commercial motor vehicle without a commercial driver's license in violation of 49 C.F.R. § 383.23(a)(2) and noncompliance with hours-of-service requirements, specifically a "record of duty status violation" of 49 C.F.R. § 395.8.

18.     Although multiple citations for out of service violations should have alerted Hairpin's corporate officers and safety director that some of its drivers did not have a commercial driver's license, Hairpin continued entrusting commercial vehicles to unlicensed drivers.

19.     On September 8, 2020, Hairpin dispatched KERRY OLAGUE in a 2005 Freightliner Truck (VIN 1FUJA6AVX5LN77650) to haul a 1986 Fruehauf sandbox trailer (VIN 1H4B04226GK010401).

20.     Although KERRY OLAGUE had moved from South Carolina to Texas more than thirty days before September 8, 2020, he continued using his South Carolina-issued commercial driver's license in violation of 49 C.F.R. § 384.212(b) and 49 C.F.R. § 383.23(a)(2), which required him to have a commercial driver's license from his new state domicile in order to legally drive an eighteen-wheeler after thirty days of residency in a new state.

21.     The 2005 Freightliner Truck (VIN 1FUJA6AVX5LN77650) that Hairpin assigned to KERRY OLAGUE to drive on September 8th had been declared out of service months

earlier when a third-party inspector cited Hairpin, because a clamp or roto type brake was out of adjustment, a required lamp was inoperative, and two turn signals were inoperative.

22. The 1986 Fruehauf sandbox trailer (VIN 1H4B04226GK010401) that Hairpin ordered KERRY OLAGUE to haul was approximately thirty-four years old on September 8th, 2020.

23. On September 8th, KERRY OLAGUE was driving the 2005 Freightliner Truck (VIN 1FUJA6AVX5LN77650) with the 1986 Fruehau sandbox trailer (VIN 1H4B04226GK010401) in tow northbound on US Highway 79/Greenwood Road in the Parish of Caddo, Greenwood, Louisiana.

24. On September 8th, KYLE BRIGGS was driving his 2013 Chevy Silverado (VIN 3GCPCSE01DG150064) northbound on U.S. 79 in the Parish of Caddo, Greenwood, Louisiana ahead of KERRY OLAGUE.

25. KYLE BRIGGS and KERRY OLAGUE were both driving on the section of U.S. 79 that precedes its intersection with U.S. Highway 80.

26. When traffic on U.S. 79 slowed to a stop, KYLE BRIGGS stopped behind the vehicles in front of his own.

27. At all times relevant hereto, KYLE BRIGGS was driving his automobile in a proper and prudent manner, and could in no way avoid the collision which is sued on herein.

28. KERRY OLAGUE was driving towards the intersection of U.S. 79 and U.S. 80 in excess of the posted speed limit.

29. KERRY OLAGUE admitted to police officers that before the crash, he was "zoning out" and inattentive when he saw traffic stopped.

30.   KERRY OLAGUE attempted to steer the eighteen-wheeler onto the shoulder of the road, which caused his trailer to swing and to strike Kyle Briggs' vehicle.

IV.

NEGLIGENCE

31.   All allegations in the previous paragraphs are alleged herein.

32.   The collision sued on herein was caused by the negligence of the Defendant, HAIRPIN TRUCKING, which includes, but is not limited to the following:

  a.   Permitting multiple unqualified drivers, including Defendant KERRY OLAGUE, to operate a commercial motor vehicle without a valid commercial driver's license in violation of 49 C.F.R. § 391.11;

  b.   Allowing or scheduling runs for drivers, including Defendant KERRY OLAGUE, that would necessitate operating a commercial motor vehicle in excess of the speed limit in violation of 49 C.F.R. § 392.6;

  c.   Requiring or permitting drivers, including Defendant KERRY OLAGUE, to operate commercial motor vehicles when the driver's ability or alertness was likely to become impaired through fatigue or any other cause as to make his or her operation of the vehicle unsafe in violation of 49 C.F.R. § 392.3;

  d.   Negligent supervision of its commercial drivers, including Defendant KERRY OLAGUE;

  e.   Negligent training of its commercial drivers, including Defendant KERRY OLAGUE;

  f.   Failure to systematically inspect, repair, and maintain, all motor vehicles subject to its control in violation of 49 C.F.R. § 396.3;

    g.  Masking or concealing its regulatory noncompliance in violation of 49 U.S.C.A. § 31135; and

    h.  Aiding, abetting, and encouraging its drivers to violate Federal Motor Carrier Safety regulations in violation of 49 C.F.R. 390.13.

33.    The collision sued on herein was caused by the negligence of the Defendant, KERRY OLAGUE, which includes, but is not limited to the following:

    a.  Operating a commercial motor vehicle without a valid driver's license;

    b.  Failure to maintain control of his vehicle;

    c.  Operating a commercial vehicle in an unsafe manner;

    d.  Failure to keep a proper lookout;

    e.  Driving in an improper, imprudent and careless manner;

    f.  Failure to avoid the collision sued on;

    g.  Failure to see what should have been seen;

    h.  Failure to take proper precautionary actions; and

    i.  Driving at an excessive rate of speed.

34.    At all relevant times, TRACY ELLEDGE was a managing partner, who had or exercised authority to direct HAIRPIN'S operational policy and safety management.

35.    Upon information and belief, TRACY ELLEDGE knew that HAIRPIN'S drivers engaged in unsafe driving practices, had the duty and authority to stop it, and failed to do so.

36.    The collision sued on herein was caused by the negligence of the Defendant, TRACY ELLEDGE, which includes, but is not limited to the following:

a.  Permitting multiple unqualified drivers, including Defendant KERRY OLAGUE, to operate a commercial motor vehicle without a valid commercial driver's license in violation of 49 C.F.R. § 391.11;

b.  Allowing or scheduling runs for drivers, including Defendant KERRY OLAGUE, that would necessitate operating a commercial motor vehicle in excess of the speed limit in violation of 49 C.F.R. § 392.6;

c.  Requiring or permitting drivers, including Defendant KERRY OLAGUE, to operate commercial motor vehicles when the driver's ability or alertness was likely to become impaired through fatigue or any other cause as to make his or her operation of the vehicle unsafe in violation of 49 C.F.R. § 392.3;

d.  Negligent supervision of Hairpin's commercial drivers, including Defendant KERRY OLAGUE;

e.  Masking or concealing Hairpin's regulatory noncompliance in violation of 49 U.S.C.A. § 31135; and

f.  Aiding, abetting, and encouraging Hairpin's drivers to violate Federal Motor Carrier Safety regulations in violation of 49 C.F.R. 390.13.

37.  At all relevant times, ROBBIE WALTERS was the environmental, health, and safety officer and an agent or employee of HAIRPIN TRUCKING, and the actions of ROBBIE WALTERS occurred during the course and scope of his employment with HAIRPIN TRUCKING.

38.  Upon information and belief, ROBBIE WALTERS knew that HAIRPIN'S drivers engaged in unsafe driving practices, had the duty and authority to stop it, and failed to do so.

39.    The collision sued on herein was caused by the negligence of the Defendant, ROBBIE WALTERS, which includes, but is not limited to the following:

a.    Permitting multiple unqualified drivers, including Defendant KERRY OLAGUE, to operate a commercial motor vehicle without a valid commercial driver's license in violation of 49 C.F.R. § 391.11;

b.    Allowing or scheduling runs for drivers, including Defendant KERRY OLAGUE, that would necessitate operating a commercial motor vehicle in excess of the speed limit in violation of 49 C.F.R. § 392.6;

c.    Requiring or permitting drivers, including Defendant KERRY OLAGUE, to operate commercial motor vehicles when the driver's ability or alertness was likely to become impaired through fatigue or any other cause as to make his or her operation of the vehicle unsafe in violation of 49 C.F.R. § 392.3;

d.    Negligent supervision of HAIRPIN'S commercial drivers, including Defendant KERRY OLAGUE;

e.    Failure to require that Hairpin systematically inspect, repair, and maintain, all motor vehicles subject to its control in violation of 49 C.F.R. § 396.3;

f.    Masking or concealing Hairpin's regulatory noncompliance in violation of 49 U.S.C.A. § 31135; and aiding, abetting, and encouraging Hairpin's drivers to violate Federal Motor Carrier Safety regulations in violation of 49 C.F.R. 390.13.

40.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a direct and proximate cause and/or producing cause and/or legal cause of the incident made the basis of this lawsuit and the injuries at issue herein.

41.    Defendants' respective breaches of duty described herein proximately caused injury to Plaintiff, which resulted in the damages detailed more fully below.

42.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

V.

GROSS NEGLIGENCE

43.    All allegations in the previous paragraphs are alleged herein.

44.    Upon information and belief, Defendants, HAIRPIN, TRACY ELLEDGE, ROBBIE WALTERS, and one or more of the other officers, directors, managers, and employees of HAIRPIN committed tortious acts and made decisions in Texas that resulted in the wreck that injured KYLE BRIGGS.

45.    Defendants, HAIRPIN, TRACY ELLEDGE, ROBBIE WALTERS, and one or more of the other officers, directors, managers, and employees of HAIRPIN, were motivated solely by their desire to maximize profits and acted with careless disregard for the health and safety of the motoring public.

46.    Plaintiff seeks punitive damages against the Defendants within the jurisdictional limits of this court.

VI.

DAMAGES

47.    All of the allegations in the previous paragraphs are alleged herein.

48.    Defendants' acts or omissions, as detailed in Sections IV-V, proximately caused personal injury damages to Plaintiff, which include but are not limited to the following:

    a.   Pain and injuries to his head, including a traumatic brain injury with reduced cortical thickness, disrupted fiber in the cingulum and left inferior longitudinal fasciculus, increased diffusivity in the corpus callosum, decreased connectivity in the dorsolateral prefrontal cortex, and decreased connectivity in the hippocampus network;

    b.   Bilateral ringing in his ears;

    c.   Pain and injuries to his neck;

    d.   Pain and injuries to his back, including a possible L4 fracture and disc bulging with bilateral neuroforaminal narrowing at L3-4, L4-5, and L5-S1; and

    e.   Pain and injury to other parts of his body.

49.    These injuries caused KYLE BRIGGS excruciating mental and physical pain and suffering.

50.    As a result of this collision, KYLE BRIGGS, who was gainfully employed at the time of the collision, lost time from work and will lose time and wages in the future for an undetermined time.

51.    Plaintiff seeks compensation for the following damages that resulted from this incident:

    a.   Past mental anguish of Plaintiff, and that he will, in all probability, suffer in the future;

    b.   Medical expenses that Plaintiff has incurred in the past and will, in all probability continue to incur in the future;

    c.   Actual damages;

    d.   Compensatory damages;

    e.   Nominal damages;

    f.   Punitive damages;

g.      Attorneys' fees;

h.      Cost of suit;

i.      Statutory damages;

j.      Pre- and post-judgment interest; and

k.      Any and all other damages to which Plaintiff may be justly entitled.

## VII.

## PRESERVATION OF EVIDENCE

52.   Plaintiff hereby requests and demands that Defendants, HAIRPIN TRUCKING, LLC, KERRY OLAGUE, TRACY ELLEDGE, and ROBBIE WALTERS preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business records; correspondence; complaints; memoranda; files; facsimiles; emails; voice mails; text messages; investigations; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff or the Defendants that references the conduct described herein, the damages resulting therefrom, any other misconduct, or that otherwise relates to the claims made in this lawsuit.  Failure to maintain such items will constitute spoliation of the evidence.

## VIII.

## DEMAND FOR JURY TRIAL

53.   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

WHEREFORE, for these reasons, Plaintiff prays that there be judgment herein in the favor of Plaintiff, KYLE BRIGGS, and against Defendants, HAIRPIN TRUCKING, LLC, KERRY OLAGUE, TRACY ELLEDGE, and ROBBIE WALTERS for a reasonable sum in dollars, together with legal interest from the date of judicial demand until paid, and all costs of this proceeding, as well as all general necessary and equitable relief.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,

 */s/* Julie Payne Johnson

**STUART J. CRICHTON**
LA Bar Roll No. 35401
*Pending Approval of Pro Hac Vice Application*
*Lead Attorney*

**SCOTT CHAFIN**
LA Bar Roll No. 29793
*Pending Approval of Pro Hac Vice Application*

**JULIE PAYNE JOHNSON**
Texas Bar No. 24046601

**GREGORIO, CHAFIN, JOHNSON,**
**TABOR & FENASCI, LLC**
9284 Linwood Avenue
Shreveport, LA 71106
Telephone (318) 865-8680
Facsimile  (318) 865-8565
schafin@gcj-law.com
scrichton@gcj-law.com
jjohnson@gcj-law.com

OF COUNSEL:

**MICHELLE SIMPSON TUEGEL**
Texas Bar No. 24075187

THE SIMPSON TUEGEL LAW FIRM
3301 Elm St., Dallas, TX 75226
Telephone:     (214) 774-9121
Facsimile:     (214) 939-9229
michelle@stfirm.com

**ATTORNEYS**